FILED

MAY 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANCE KERWIN HENDERSON, | No. 13-15280 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01392-EFB |
| v. | |
| DISTRICT ATTORNEY OFFICE, at Sacramento; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding[**]

Submitted May 13, 2014[***]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

California state prisoner Lance Kerwin Henderson appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Henderson consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

post-conviction access to biological evidence for DNA testing.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

The district court properly dismissed Henderson's claims alleging that Henderson was denied post-conviction access to biological evidence for DNA testing because he failed to allege sufficient facts to state a viable due process claim.  *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69-72 (2009) (holding that plaintiff had no viable procedural due process claim because state's procedures for post-conviction relief did not transgress recognized principles of fundamental fairness, and that there was no substantive due process right to post-conviction access to DNA evidence).

**AFFIRMED.**

13-15280